**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WHEELING-PITTSBURGH STEEL
CORPORATION,
Plaintiff-Appellant,

v.                                                                    No. 97-1756

THE UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,
Defendant-Appellee.

Appeal from the United States District Court for the
Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CA-85-124-5)

Argued: September 29, 1997

Decided: November 10, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and
MAGILL, Senior Circuit Judge for the United States
Court of Appeals for the Eighth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Kenneth Michael Argentieri, KIRKPATRICK & LOCK-
HART, L.L.P., Pittsburgh, Pennsylvania, for Appellant. Ronald Mark
Spritzer, Environment and Natural Resources Division, Appellate

Section, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Kenneth S. Komoroski, Paul K. Stockman, KIRKPATRICK & LOCKHART, L.L.P., Pittsburgh, Pennsylvania, for Appellant. Lois J. Schiffer, Assistant Attorney General, Martin W. Matzen, Environment and Natural Resources Division, Appellate Section, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Dawn Messier, Office of the General Counsel, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Washington, D.C.; Judith Hykel, Office of Regional Counsel, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, Philadelphia, Pennsylvania, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Wheeling-Pittsburgh Steel Corporation ("WPSC") appeals the district court's dismissal of its petition for dispute resolution under a consent decree to which WPSC and the Environmental Protection Agency are parties. For the reasons stated herein, we affirm the judgment of the district court.

I.

On October 2, 1989, WPSC and the EPA entered into a consent decree relating to a surface impoundment at WPSC's coke manufacturing plant in Follansbee, West Virginia. The consent decree resulted from litigation between the parties over whether the surface impoundment had been closed prior to the effective date of regulations governing the closure of such impoundments which were adopted pursuant to the Resource Conservation and Recovery Act ("RCRA"). The consent decree, which constituted a settlement of the claims and counterclaims presented by WPSC and the EPA, respectively, sets forth

2

WPSC's obligations for closing the surface impoundment. The parties do not dispute that WPSC is complying with its obligations under the consent decree.**1**

_____

**1** The relevant portions of the consent decree are as follows:

VII
CORRECTIVE ACTION

In the event the groundwater monitoring data indicates that hazardous wastes and/or hazardous constituents have been released or are being released into the environment from the surface impoundment of the Follansbee facility, WPSC shall implement EPA-approved or ordered corrective action or other response measures consistent with section 3008(h) of RCRA, 42 U.S.C. § 6928(h), necessary to protect human health or the environment. This in no way limits any other corrective action or other authorities EPA may have under RCRA, 42 U.S.C.§ 6901 et seq.

XIII
DISPUTE RESOLUTION

A. If in the opinion of any party there is a dispute with respect to the meaning or implementation of this Consent Decree, that party shall send a written notice to the other party which outlines the nature of the dispute and requests informal negotiations to resolve the dispute. . . .

B. If informal negotiations are unsuccessful, the EPA's position shall control unless WPSC files with the court a petition which shall describe the nature of the dispute and include a proposal for its resolution. . . . In any such dispute, WPSC shall have the burden of proving that EPA's position is arbitrary and capricious.

XV
EFFECT OF CONSENT DECREE

. . .

B. Entry of this Consent Decree and compliance with the requirements contained herein shall constitute full settlement of the Civil claims in WPSC's complaint and in the United States' counterclaims and shall constitute full settlement of the Final Decision and Order of In re Wheeling-Pittsburgh Steel Corporation, Appeal No. 84-8, September 18, 1985.

Subsequent to the entry of the consent decree, the EPA discovered significant groundwater contamination at the Follansbee plant, some of which may have originated from areas at the plant other than the surface impoundment. And on September 27, 1996, the EPA issued an Initial Administrative Order ("IAO") against WPSC pursuant to section 3008(h) of RCRA, 42 U.S.C. § 6928(h). The IAO required WPSC to perform various corrective action measures relating both to the surface impoundment, and also to other unrelated areas, at the Follansbee facility. WPSC objected on the basis that its duties relating to the surface impoundment were governed exclusively by the prior consent decree, that the consent decree deprived the EPA of authority to issue any administrative orders compelling additional corrective action at the Follansbee facility, that the IAO was barred by principles of res judicata, and that the IAO exceeded the EPA's authority under RCRA. WPSC filed a petition in the district court for dispute resolution, as provided for in the consent decree, see J.A. at 88a-89a, seeking a declaration to this effect.

On November 14, 1996, the EPA amended the IAO to relieve WPSC of any obligation to perform corrective action necessary as a result of releases of hazardous materials from the surface impound-

_____

XVII
RETENTION OF RIGHTS

> Except as set forth in Section XV (Effect of Consent Decree), the United States does not waive any rights or remedies available to the United States for any violation by WPSC of federal or state laws, regulations, or permit conditions (known or unknown to the EPA) or which may occur after the entry of this Consent Decree. The United States reserves its corrective action authority under 42 U.S.C. §§ 6924(u) and (v) and 42 U.S.C. § 6928(h) and its authorities under CERCLA.

XX
RETENTION OF JURISDICTION

> This court shall retain jurisdiction over this Consent Decree for purposes of ensuring compliance with its terms and conditions and resolving disputes concerning the same.

J.A. at 75a-93a.

4

ment at the facility that had been the subject of the earlier litigation. The amended IAO, however, still required WPSC to perform corrective action with regard to matters at the plant unrelated to the surface impoundment. The EPA then moved to dismiss WPSC's petition. The district court dismissed the petition, on the grounds that (1) the amended IAO did not violate the terms of the consent decree, and (2) the court did not have jurisdiction to consider other challenges to the amended IAO because it concluded that RCRA bars pre-enforcement review of agency actions. See J.A. at 520a-28a.

II.

As a matter of contract interpretation, the district court was clearly correct in finding that the amended IAO did not violate the consent decree. On its face, the consent decree does not appear to foreclose the EPA's ability to require corrective measures unrelated to the surface impoundment. In fact, Sections VII and XVII explicitly reserve the authority of the EPA to require additional corrective action under RCRA, CERCLA, or both. J.A. at 83a-84a, 90a-91a. While Section XVII does include the qualification "except as set forth in Section XV, the United States does not waive any rights or remedies . . . ," J.A. at 90a, nothing in Section XV suggests that the consent decree bars corrective action unrelated to the original litigation. Although Section XV.B. states that the entry of the consent decree and compliance with its requirements constitute full settlement of the civil claims and counterclaims in the previous litigation, J.A. at 89a, neither party contends that either party raised matters in the previous litigation unrelated to the surface impoundment.

Furthermore, Section XIII of the consent decree makes clear that in disputes about the meaning of the consent decree, the EPA's position shall control, unless WPSC proves that the EPA's position is arbitrary and capricious. J.A. at 88a-89a. Even if the EPA's interpretation is neither the only nor the best reading of the consent decree, it is certainly reasonable enough so as not to be arbitrary and capricious.

Despite the clear import of the language used by the consent decree, WPSC nevertheless maintains that to read the consent decree as does the EPA makes other sections of the consent decree meaning-

5

less, and deprives WPSC of the benefits of its settlement of the previous litigation. WPSC's arguments on the first point are without merit; the second point is not a legal argument. Furthermore it is not true. WPSC avoided large potential liability for its past actions when it entered into the consent decree. Compare J.A. at 25a (EPA counterclaim in original litigation seeking civil penalties of $25,000 per day for alleged past violations of administrative order, and $17,500 administrative penalty) with J.A. at 89a (consent decree settling WPSC's past liability for $17,500). In addition, the penalties for pollution in violation of the consent decree are substantially lower than those that could be imposed under RCRA were there no consent decree. Compare J.A. at 86a (subjecting violations of consent decree to fines of $3000 per day, rising to $7000 per day after the 29th day), with RCRA § 3008(h)(2), 42 U.S.C. § 6928(h)(2) (subjecting violations of corrective orders to fines of $25,000 per day).

III.

WPSC also challenges the amended IAO on grounds that it is barred by principles of res judicata, and that it in any event exceeds the EPA's statutory authority under RCRA § 3008(h), 42 U.S.C. § 6928(h) (1996). The district court, however, was correct in its conclusion, though not its reasoning, that it lacked jurisdiction to consider those challenges.

The jurisdiction exercised by the district court over this dispute was premised on the consent decree. Under that decree, the district court retained jurisdiction over the consent decree "for purposes of ensuring compliance with its terms and conditions and resolving disputes concerning the same." Art. XX, J.A. at 91a. The consent decree itself, then, conferred jurisdiction upon the district court only to enforce and interpret the provisions of the decree. Accordingly, while the consent decree conferred jurisdiction on the district court to consider WPSC's argument that the amended IAO violated the decree, it did not confer jurisdiction on that court to consider challenges to the amended IAO arising under either common law or statute.

Furthermore, principles of ripeness and exhaustion required that the district court not review the amended IAO, unless it constituted a final agency action, absent a statutory basis for review. Cf. Adminis-

6

trative Procedure Act § 704, 5 U.S.C. § 704 (1996) ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on review of the final agency action."). As both parties properly concede, see Appellant's Br. at 28; Appellee's Brief at 29, the amended IAO did not constitute a final agency order.[2] Nor has WPSC offered a statutory provision that would otherwise allow review of the amended IAO. Accordingly, these challenges were not yet ripe, and the district court therefore lacked jurisdiction to hear them.[3]

CONCLUSION

For the reasons stated herein, we affirm the judgment of the district court.

AFFIRMED

_____

[2] When the EPA issues an IAO under § 3008(h) of RCRA, EPA's implementing regulations provide for administrative review of that order. The respondent is given the opportunity to present a written response, and to request a formal hearing before an administrative law judge, before any such order becomes final. See 40 C.F.R. Part 24 (1996).

WPSC is currently pursuing relief through these administrative channels, as well as through this lawsuit. On October 31, 1996, WPSC filed with the EPA a request for formal hearings concerning the IAO. Although WPSC's administrative challenges had been held in abeyance pending the district court's decision in this case, initial hearings were held on September 17 and 18, 1997. Appellee's Br. at 10-11.

[3] Because we conclude that WPSC's common law and statutory challenges to the amended IAO were not ripe, we explicitly reserve the question of whether RCRA precludes pre-enforcement judicial review. The district court's observations about the availability of pre-enforcement review, like its observations about the propriety of the amended IAO under RCRA, see J.A. at 527a-528a, were unnecessary to the disposition of this case, and should not be regarded as res judicata, collateral estoppel, or law of the case -- either in the pending administrative proceedings, or in any further judicial proceedings that may be necessary.